Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiffs
Michael Livingston and Sharon McGill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LIVINGSTON and SHARON MCGILL, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MITAC DIGITAL CORPORATION, a California corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Violations of California's Consumers Legal Remedies Act<br>(2)  Violations of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*<br>(3)  Breach of Express Warranty Pursuant to California Commercial Code § 2313<br>(4)  Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act<br>(5)  Trespass to Chattels<br>(6)  Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.     Plaintiff Michael Livingston and Sharon McGill ("Plaintiffs") bring this action for themselves and on behalf of all persons in the United States who, at any time in the last four years prior to the filing of this complaint, purchased one or more Magellan RoadMate navigation devices with Free Lifetime Map Updates ("Magellan RoadMate FLM") designed, manufactured, marketed, distributed, sold, and warranted by MiTAC Digital Corp. ("MiTAC" or "Defendant").

2.     This case arises out of the unlawful, false, misleading, and deceptive marketing and advertising practices used by Defendant in selling, directly and indirectly, Magellan RoadMate FLM navigation devices to consumers.  Defendant has deceptively led consumers to believe that they were purchasing, for a premium price, a portable navigation device with "free lifetime map updates," as depicted below.  Nowhere in Defendant's marketing materials, owner's manuals, or on the product's packaging does Defendant disclose or even suggest limitations or conditions of the "free lifetime map updates" representation.  Thus, reasonable consumers, like Plaintiffs and Class Members, purchase Magellan RoadMate FLM devices on the reasonable belief that they will receive free map updates for the useful lifetime of the device (i.e. so long as the device is operable).

3.     The following examples from MiTAC's official website for Magellan products show some of Defendant's representations to consumers described above:



**ROADMATE 2632T-LM**
- Free Lifetime Map Updates & Traffic Alerts
- 3D Buildings & Landmarks
- Traffic Camera Alerts by PhantomALERT
- Driver Alerts
- Portrait /Landscape Mode

CLASS ACTION COMPLAINT



**MAGELLAN ROADMATE 5625-LM**

- Free Lifetime Map Updates
- 3D Buildings & Landmarks
- Traffic Camera Alerts by PhantomALERT
- Driver Alerts
- Portrait /Landscape Mode

☐ Compare

**MAGELLAN ROADMATE 5630T-LM**

- Free Lifetime Map Updates & Traffic Alerts
- 3D Buildings & Landmarks
- Traffic Camera Alerts by PhantomALERT
- Driver Alerts
- Portrait /Landscape Mode

☐ Compare

4.      In or around June 2018, Defendant posted the following under the "FAQs"
section of the "Support" link of its official website the question, for the first time, "Lifetime
Maps – Terms and Conditions."[1]  Upon clicking the question, another webpage opens that states

---

[1] Magellan GPS Website, *Support, Downloads & FAQ,*
https://service.magellangps.com/M0100/MagMainFrame.aspx (last visited on Aug. 28, 2018).

the following "Answer":

**Question:** Lifetime Maps - Terms and Conditions

**Answer:**

**Lifetime Maps**

For all lifetime map subscriptions, lifetime refers to the useful lifetime of the device, considered to be 3 (three) years from the date of manufacture. For all lifetime map subscriptions, you will receive map data updates when such updates are made available on Magellan's website during the device's useful life for that compatible Magellan device. "Device's useful life" refers to the period during which the device has all required technical capabilities, including sufficient memory capacity and current operating system, to download and use current map data. A device's useful life is considered to be a maximum of 3 (three) years from the date of manufacture. A device will be considered past its useful life if it is more than 3 years old or if no updates have been downloaded for more than 2 years (24 months).

5.      Defendant unilaterally changed the "lifetime map subscription" to three years from the date of manufacture. In so doing, Defendant has neither notified owners or potential owners of Magellan RoadMate FLM devices that the above new "Terms and Conditions" existed nor have they notified owners that the new "Terms and Conditions" would be retroactively applied and owners of Magellan RoadMate FLM devices would now have to pay for each map update, contrary to Defendant's prior actions and representations.  Moreover, owners and potential owners are completely unaware and have no way of determining at the time of purchase when the devices were manufactured, such that some devices may have much shorter "useful lifetimes" from the date of purchase under Defendant's new Terms and Conditions.  Defendant clearly realized the absurd result of this new policy because two months later, around August 2018, it updated the "FAQ" to state "lifetime refers to the useful lifetime of the device, considered to be 3 (three) years from the date of the first use."  Again, Defendant has never informed owners, or consumers in general, of these Terms and Conditions and the only way to even find them is under the "FAQs" section of the "Support" section of Defendant's website.

6.      If Plaintiffs and Class Members knew at the time of purchase that they would not receive free map updates for the useful lifetime of their Magellan RoadMate FLM devices despite the promise of "free lifetime map updates" or that Defendant would retroactively apply

conditions to its "lifetime map updates" policy, Plaintiff and Class Members would not have purchased the Magellan RoadMate FLM devices or would have paid less for them.

7.    By employing the marketing tactics illustrated above, MiTAC intends for consumers to rely on its representations regarding "free lifetime map updates."  Because MiTAC does not disclose any terms and conditions of its products' "free lifetime map updates," Plaintiffs and Class Members (as well as members of the general public) remain subject to MiTAC's deceptive advertising.

8.    As a result of their reliance on Defendant's misrepresentations, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Magellan RoadMate FLM navigation devices and map updates during the useful lifetime of the device.  Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, MiTAC has realized sizable profits.

**PARTIES**

**<u>Plaintiff Michael Livingston</u>**

9.    Plaintiff Michael Livingston is a California citizen who resides in San Mateo, California, in the County of San Mateo.  In or around fall 2014, Plaintiff purchased a Magellan RoadMate FLM.  Specifically, Plaintiff purchased a Magellan RoadMate 5230-LM with Free Lifetime Map Updates from TigerGPS, an online retailer authorized to sell Magellan RoadMate devices in California and throughout the United States.

10.    Prior to purchasing his Magellan RoadMate FLM and thereafter, Plaintiff saw, and relied upon, Defendant's representations online and on the outer packaging of the Magellan RoadMate 5230-LM that the device included "free lifetime map updates."  Based on Defendant's failure to disclose otherwise,  Plaintiff reasonably believed that Defendant would provide free map updates to the navigation device so long as the device was operable, which was important to Plaintiff in deciding to purchase the Magellan RoadMate FLM.

11.    However, in June 2018, Plaintiff attempted to update the maps on his Magellan RoadMate, as he has done in the past, and was presented with only one option - to purchase the

map updates.  Up until that point, Plaintiff had been able to update the maps on his Magellan RoadMate from Defendant's website at no cost.  Plaintiff then discovered, through his own research of the issue, that MiTAC posted a new "Lifetime Maps" policy on its website in June 2018 that requires him to now pay for all map updates, in contradiction of MiTac's representations.  At no point prior to or following Plaintiff's purchase of the Magellan RoadMate did MiTAC inform him of any restrictions or limitations regarding its Free Lifetime Map Updates policy.

12.    Plaintiff purchased his Magellan RoadMate FLM primarily for personal, family, or household use.  MiTAC manufactured, sold, distributed, advertised, marketed, and warranted the device.

13.    If Defendant had disclosed that the Magellan RoadMate FLM did not include free map updates for the useful lifetime of the device despite the promise of "free lifetime map updates" or that Defendant would retroactively apply conditions to its "free lifetime map updates" policy that would require Plaintiff to incur additional costs, Plaintiff would have seen or heard such representations and been aware of them prior to purchase.  Indeed, MiTAC's statements were material to Plaintiff.  If Plaintiff had known at the time of purchase that Defendant would arbitrarily stop providing free map updates while his Magellan RoadMate was still fully functional despite its prior representations, he would not have purchased the Magellan RoadMate or would have paid less for it.

14.    Plaintiff would consider purchasing a Magellan RoadMate in the future without the price premium he previously paid or if it actually included free map updates during the entire functional lifetime of the device.

**Plaintiff Sharon McGill**

15.    Plaintiff Sharon McGill is a California citizen who resides in Moreno Valley, California, in the County of Riverside.  In or around August 2012, Plaintiff purchased a Magellan RoadMate FLM.  Specifically, Plaintiff purchased a Magellan RoadMate 5120-LMTX with Free Lifetime Map Updates from a Costco warehouse store, a retailer authorized to sell Magellan RoadMate devices in California and throughout the United States.

16.     Prior to purchasing her Magellan RoadMate FLM and thereafter, Plaintiff saw, and relied upon, Defendant's representations online, in promotional emails, and on the outer packaging of the Magellan RoadMate 5120-LMTX that the device included "free lifetime map updates."  Based on Defendant's failure to disclose otherwise, Plaintiff reasonably believed that Defendant would provide free map updates to the navigation device so long as the device was operable, which was important to Plaintiff in deciding to purchase the Magellan RoadMate FLM.

17.     However, in February 2018, Plaintiff attempted to update the maps on her Magellan RoadMate and was unable to do so without incurring additional costs.  At no point prior to or following Plaintiff's purchase of the Magellan RoadMate did MiTAC inform her of any restrictions or limitations regarding its Free Lifetime Map Updates policy.

18.     Plaintiff purchased her Magellan RoadMate FLM primarily for personal, family, or household use.  MiTAC manufactured, sold, distributed, advertised, marketed, and warranted the device.

19.     If Defendant had disclosed that the Magellan RoadMate FLM did not include free map updates for the useful lifetime of the device despite the promise of "free lifetime map updates" or that Defendant would retroactively apply conditions to its "free lifetime map updates" policy requiring Plaintiff to incur additional costs, Plaintiff would have seen or heard such representations and been aware of them prior to purchase.  Indeed, MiTAC's statements were material to Plaintiff.  If Plaintiff had known at the time of purchase that Defendant would arbitrarily stop providing free map updates while her Magellan RoadMate was still fully functional despite its prior representations, she would not have purchased the Magellan RoadMate or would have paid less for it.

20.     Plaintiff would consider purchasing a Magellan RoadMate in the future without the price premium she previously paid or if it actually included free map updates during the entire functional lifetime of the device.

**Defendant**

21.     Defendant MiTAC Digital Corporation is a corporation organized and in

existence under the laws of the State of California and is registered to do business in the State of California.  MiTAC Digital Corporation's corporate headquarters and principal place of business are located at 279 E. Arrow Hwy. #201, San Dimas, CA 91773.  MiTAC designs, produces, manufactures, markets, distributes, and sells Magellan RoadMate FLM navigation devices worldwide, nationwide, and throughout California.

22.    At all relevant times, Defendant was and is engaged in the business of marketing, distributing, and selling Magellan RoadMate FLM navigation devices in San Mateo County, and throughout the United States of America.

**JURISDICTION**

23.    This is a class action.

24.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

    a.    the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

    b.    this is a class action involving 100 or more class members; and

    c.    this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

25.    The Court has personal jurisdiction over Defendant, which has at least minimum contacts with the State of California because its corporate headquarters are located there, it has conducted business there and it has availed itself of California's markets through the marketing, distributing, and selling of Magellan RoadMate FLM navigation devices.

**VENUE**

26.    MiTAC, through its business of advertising, distributing, and selling Magellan RoadMate FLM navigation devices, has established sufficient contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

27.    In addition, a substantial part of the events or omissions giving rise to these claims and a substantial part of the property that is the subject of this action are in this district. In addition, Plaintiff Livingston's Declaration, as required under California Civil Code § 1780(d) (but not pursuant to *Erie* and federal procedural rules), reflects that a substantial part of the events or omissions giving rise to the claims alleged herein occurred, or a substantial part of property that is the subject of this action, is situated in Los Angeles County, California. It is attached as **Exhibit 1.**

28.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

29.    Since at least 2010, MiTAC has designed, manufactured, distributed, and sold certain Magellan RoadMate navigation devices with "free lifetime map updates."  MiTAC has sold, directly and indirectly, through its website and other online and retail outlets, millions of Magellan RoadMate FLM navigation devices in California and nationwide.

30.    On information and belief, MiTAC has made the same or substantially identical representations regarding the "free lifetime map updates" for all of the Magellan RoadMate FLM devices, as defined herein.

31.    MiTAC has historically considered the "free lifetime map updates" a "premium feature" and has sold the Magellan RoadMate navigation devices with that feature at higher prices than the devices that do not include the feature.  For example, the advertisement below



was on Defendant's official website in 2010[2]:

32.    While MiTAC frequently releases new Magellan RoadMate navigation devices, its disclosures regarding the free lifetime map updates guarantee remain consistent.  Since at least 2010, MiTAC has described its "Free Lifetime Map Updates" policy as follows:

"Free Lifetime Map Updates: Lifetime Maps entitles you to receive up to four (4) map updates per year, for the life of the GPS receiver or until Magellan no longer receives relevant map data.;"[3]

33.    Prior to June 2018, the above disclosure found buried at the bottom of the product page, in small font on Defendant's website provided the only details available to consumers regarding Defendant's "free lifetime map updates" policy and provided no additional restrictions or information.

34.    MiTAC had superior and exclusive knowledge of the true nature of its Free Lifetime Map Updates policy and knew or should have known that this information was not known or reasonably discoverable by Plaintiff and Class Members before they purchased their Magellan RoadMate FLM devices.

35.    Public complaints from consumers and product reviews posted online demonstrate that reasonable consumers have been, and continue to be, deceived by MiTAC's advertising regarding the Magellan RoadMate FLM devices.  The complaints also indicate MiTAC's initial, and ongoing, awareness of its unlawful conduct regarding the Magellan RoadMate FLM devices.  The following are some of the complaints relating to the Magellan RoadMate FLM devices, specifically regarding the free lifetime map updates policy (spelling and grammar mistakes remain as found in the original) (ConsumerAffairs.com, September 5, 2018) (emphasis added):

a.    8/18/2018 - I had purchased a Magellan GPS 3045-LM with a lifetime map updates. I have not been able to do an update since the new SmartGPSEco software was implemented although the program tells me that there are updates available, **in checking the Magellan website I learned that know they have a disclaimer that the useful life of a GPS is only 3 years hence maps will only**

---

[2] https://web.archive.org/web/20100808081300/http://www.magellangps.com:80/ (last visited September 27, 2018)

[3] https://web.archive.org/web/20150201071522/http://www.magellangps. com:80/products/RoadMate/Magellan-RoadMate-9020T-LM (last visited September 27, 2018)

be updated during that period

b. 6/27/2018 - **I purchased a Magellan 5230T-LM for my daughter. When I went into the Magellan site to update my maps I was told that I would have to pay for the map update.** I submitted a ticket to Magellan support and was told that my device did not come with lifetime updates and was told to sent a picture of the box (which I had thrown out) or some proof that it came with lifetime updates. I responded with a picture showing the model number and serial number showing that is should come with lifetime updates. 1 week later they sent me directions on how to update my unit. I tried to follow the directions but they still asked me to pay for the update. I sent an email back and asked for a number that I could speak to a live person. 2 weeks have now gone by and no answer from them. I own a number of electronics and have never had customer service this bad. Do yourself a favor and buy a Garmin. Updating the Garmin is easy and you wont be stuck having to pay for an update that should be free.

c. 10/27/2017 - **The reason I purchased my Magellan was for free map updates. I plugged it in and for a update and Magellan sends me to smartgpseco.com to purchase a update for 79.99.** I'm throwing this in the trash and purchasing a Garmin.

d. 9/1/2017 - RoadMate Vehicle GPS - **Magellan promises prospective customers that they will receive free updates for their unit - 4 per year. NOT SO! And to make matters worse, they will willingly and knowingly lie to you about why you can't get updates**. First problem is their update software - SmartEcoGps - it's not very smart, difficult to navigate and not user friendly. Second problem is that Magellan changed their map update supplier. They were using Navtech and now after switching to a newer supplier (probably to save a few bucks) the newer maps are too large for most units that are more than 2 years old. THEY SUCK!!

e. 7/30/2017 - Roadmate GPS - **Free lifetime maps is a joke. Does not work - refers to new website which sends you into a never ending circular routine. As such, impossible to upgrade maps.** I have wasted 3 hours on this useless unit. Says to unplug unit to complete update, and when you do so, it asks you to plug in and retry. Absolute garbage. I am switching back to Garmin - much more reliable and consistent.

f. 7/11/2017 - **Purchased a 5045-LM for lifetime map updates. Now they have come out with "map upgrades" and use SmartGPS Eco for these "updates" which do not include "upgrades."** SmartGPS Eco does not tell me what the latest map version is, and will not tell me exactly what I should be updating. Instead, it sends me to the Magellan site to select my device and tells me that I can pay for maps for another region (EU) or use SmartGPS Eco to keep my device updated. Map updates sends me in circles and gets me nowhere. I had to guess for myself that map upgrades were the new updates, and that they weren't included in my "lifetime map" unit. **This was a scam and a serious case of thievery, and I would not recommend this crooked company to anyone.**

g. 8/28/2016 - **I bought a Magellan RoadMate with free lifetime map updates. I was not able to update my GPS even one time during the 3 plus years that I have owned it**. I contacted Magellan customer support and they direct me to a website that is supposed to give me my map updates. It is always temporarily unavailable or I can't log in. Please don't buy their products. If you do you are wasting your money...

CLASS ACTION COMPLAINT

h. 4/9/2016 - **I bought a RoadMate 1700 with free maps for life. Now after 4 years and at least 10 free update they want me to pay $99.99.** E-mailed twice and the only response I have gotten was a case# that said if I forgot my password here is a link to reset it. I have not forgotten my password.

i. 3/30/2016 - **Bought a Magellan 5202 LM. With free map updates. Went to update maps. They demand money. A complete ripoff.** Never buy a Magellan. Contacted customer service chat line. Complete waste of time. Person cut me off part way through conversation.

36.    Further, in or around June 2018, Defendant posted the following under the "FAQs" section of the "Support" link of its official website the question, for the first time, "Lifetime Maps – Terms and Conditions."[4]  Upon clicking the question, another webpage opens that states the following "Answer":

**Question:** Lifetime Maps - Terms and Conditions

**Answer:**

**Lifetime Maps**

For all lifetime map subscriptions, lifetime refers to the useful lifetime of the device, considered to be 3 (three) years from the date of manufacture. For all lifetime map subscriptions, you will receive map data updates when such updates are made available on Magellan's website during the device's useful life for that compatible Magellan device. "Device's useful life" refers to the period during which the device has all required technical capabilities, including sufficient memory capacity and current operating system, to download and use current map data. A device's useful life is considered to be a maximum of 3 (three) years from the date of manufacture. A device will be considered past its useful life if it is more than 3 years old or if no updates have been downloaded for more than 2 years (24 months).

37.    On information and belief, Defendant has neither notified owners or potential owners of Magellan RoadMate FLM devices that the above new "Terms and Conditions" existed nor have they notified owners that the new "Terms and Conditions" would be retroactively applied and owners of Magellan RoadMate FLM devices would now have to pay for each map update, contrary to Defendant's prior actions and representations.  Moreover, owners and potential owners are completely unaware and have no way of determining at the time of purchase when the devices were manufactured, such that some devices may have much shorter "useful lifetimes" from the date of purchase under Defendant's new Terms and Conditions.  Defendant clearly realized the absurd result of this new policy because two months

---

[4] Magellan GPS Website, *Support, Downloads & FAQ,* https://service.magellangps.com/M0100/MagMainFrame.aspx (last visited on Aug. 28, 2018).

later, around August 2018, it updated the "FAQ" to state "lifetime refers to the useful lifetime of the device, considered to be 3 (three) years from the date of the first use." Again, Defendant has never informed owners, or consumers in general, of these new Terms and Conditions and the only way to even find them is under the "FAQs" section of the "Support" section of Defendant's website.

38.     If Plaintiffs and Class Members knew at the time of purchase that they would not receive free map updates for the useful lifetime of their Magellan RoadMate FLM devices despite MiTAC's promise of "free lifetime map updates" or that Defendant would retroactively apply conditions to its "lifetime map updates" policy, Plaintiffs and Class Members would not have purchased the Magellan RoadMate FLM devices or would have paid less for them.

39.     By employing the marketing tactics illustrated above, MiTAC intends for consumers to rely on its omissions regarding "free lifetime map updates." Because MiTAC does not disclose any terms and conditions of its products' "free lifetime map updates," Plaintiffs and Class Members (as well as members of the general public) remain subject to MiTAC's deceptive advertising.

40.     As a result of their reliance on Defendant's conduct, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Magellan RoadMate FLM navigation devices and map updates during the useful lifetime of the device. Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, MiTAC has realized sizable profits.

41.     As the intended, direct, and proximate result of MiTAC's false, misleading, and deceptive representations, MiTAC has been unjustly enriched through more sales of Magellan RoadMate FLM devices and higher profits at the expense of Plaintiffs and the Class Members.

## CLASS ALLEGATIONS

42.     Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those

provisions.

43. The Class and Sub-Class are defined as:

**Class**:  All individuals in the United States who purchased one or more Magellan RoadMate FLM navigation devices from four years prior to the filing of this complaint through the date of certification (the "Nationwide Class" or "Class").

**California Sub-Class**:  All members of the Class who reside in the State of California.

**CLRA Sub-Class**:  All members of the California Sub-Class who are "consumers" within the meaning of California Civil Code § 1761(d).

**UCC Warranty Sub-Class**:  All members of the Nationwide Class who purchased their Magellan RoadMate FLM navigation devices in the State of California.

44. Excluded from the Class and Sub-Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiffs reserve the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

45. Numerosity:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

46. Typicality:  Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs, like all Class Members, relied upon and were deceived by MiTAC's conduct regarding the Magellan RoadMate FLM devices prior to purchase.  The representative Plaintiffs, like all Class Members, have been damaged by Defendant's misconduct in that they have incurred the over-valued costs of purchasing a Magellan RoadMate FLM for a premium price in reliance on MiTAC's representations.  Furthermore, the factual bases of MiTAC's misconduct

1    are common to all Class Members and represent a common thread resulting in injury to all Class

2    Members.

3           47.     <u>Commonality</u>:  There are numerous questions of law and fact common to

4    Plaintiffs and the Class that predominate over any question affecting only individual Class

5    Members.  These common legal and factual issues include the following:

6           a.   Whether MiTAC failed to disclose material facts concerning its Magellan

7                RoadMate FLM navigation devices;

8           b.   Whether MiTAC's conduct was unlawful, unfair and/or deceptive;

9           c.   Whether MiTAC has a duty to disclose the true nature of the Magellan RoadMate

10               FLM;

11          d.   Whether Plaintiffs and other Class Members are entitled to equitable relief,

12               including but not limited to a preliminary and/or permanent injunction;

13          e.   Whether Plaintiffs and other Class Members are entitled to damages;

14          f.   Whether Defendant knew or reasonably should have known of its deceptive

15               representations and omissions relating to the Magellan RoadMate FLM

16               navigation devices; and

17          g.   Whether Defendant is obligated to inform Class Members of their right to seek

18               reimbursement for having paid for Magellan RoadMate FLM navigation devices

19               in reliance on Defendant's misrepresentations.

20          48.     <u>Adequate Representation</u>:  Plaintiffs will fairly and adequately protect the

21   interests of the Class Members.  Plaintiffs have retained attorneys experienced in the

22   prosecution of class actions, including consumer and product defect class actions, and Plaintiffs

23   intend to prosecute this action vigorously.

24          49.     <u>Predominance and Superiority</u>:  Plaintiffs and Class Members have all suffered

25   and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful

26   conduct.  A class action is superior to other available methods for the fair and efficient

27   adjudication of the controversy.  Absent a class action, most Class Members would likely find

28   the cost of litigating their claims prohibitively high and would therefore have no effective

1   remedy at law.  Because of the relatively small size of the individual Class Members' claims, it

2   is likely that only a few Class Members could afford to seek legal redress for Defendant's

3   misconduct.  Absent a class action, Class Members will continue to incur damages, and

4   Defendants' misconduct will continue without remedy.  Class treatment of common questions of

5   law and fact would also be a superior method to multiple individual actions or piecemeal

6   litigation in that class treatment will conserve the resources of the courts and the litigants and

7   will promote consistency and efficiency of adjudication.

**FIRST CAUSE OF ACTION**

**(Violation of California's Consumers Legal Remedies Act,**

**California Civil Code § 1750,** *et seq.***)**

11   50.    Plaintiffs incorporate by reference the allegations contained in each and every

12   paragraph of this Complaint.

13   51.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of the

14   Class or, in the alternative, on behalf of the members of the CLRA Sub-Class.

15   52.    Defendant is a "person" as defined by California Civil Code § 1761(c).

16   53.    Plaintiffs and CLRA Sub-Class Members are "consumers" within the meaning of

17   California Civil Code § 1761(d) because they bought the Magellan RoadMate FLM navigation

18   devices for personal use.

19   54.    By failing to disclose to Plaintiffs and prospective Class Members and

20   concealing the true and actual nature of the "free lifetime map updates" policy, Defendant

21   violated California Civil Code § 1770(a), as it represented that Magellan RoadMate FLM

22   navigation devices had characteristics and benefits that they do not have, represented that

23   Magellan RoadMate FLM navigation devices were of a particular standard, quality, or grade

24   when they were of another, and advertised Magellan RoadMate FLM navigation devices with

25   the intent not to sell them as advertised.  *See* Cal. Civ. Code §§ 1770(a)(5)(7) & (9).

26   55.    Defendant's unfair and deceptive acts or practices occurred repeatedly in

27   Defendant's trade or business and were capable of deceiving a substantial portion of the

28   purchasing public.

56.     Defendant knew the Magellan RoadMate FLM navigation devices did not possess the characteristics and benefits as represented and were not of the particular standard, quality or grade as represented.

57.     As a result of their reliance on Defendant's representations and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Magellan RoadMate FLM navigation devices.

58.     Defendant was under a duty to Plaintiffs and Class Members to disclose the true and actual nature of the Magellan RoadMate FLM navigation devices because:

    a.  Defendant was in a superior position to know the true nature of the Magellan RoadMate FLM navigation devices' "free lifetime map updates" policy;

    b.  Plaintiffs and Class Members could not reasonably have been expected to know about the Magellan RoadMate FLM navigation devices' "free lifetime map updates" policy; and

    c.  Defendant knew that Plaintiffs and Class Members could not reasonably have been expected to know about the Magellan RoadMate FLM navigation devices' "free lifetime map updates" policy.

59.     In failing to disclose and misrepresenting the true nature of the Magellan RoadMate FLM navigation devices' "free lifetime map updates" policy, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

60.     The facts Defendant concealed from or misrepresented to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Magellan RoadMate FLM navigation devices or pay less.  If Plaintiffs and Class Members had known that they would not receive free map updates for the useful lifetime of their Magellan RoadMate FLM devices despite MiTAC's promise of "free lifetime map updates" or that Defendant would retroactively apply conditions to its "lifetime map updates" policy, they would not have purchased the Magellan RoadMate FLM navigation devices or would have paid less for them.

61.     Plaintiffs and Class Members are reasonable consumers who expect

manufacturers, like MiTAC, to provide accurate and truthful representations regarding the features of their products. Further, reasonable consumers, like Plaintiffs, rely on the representations made by manufacturers regarding higher-cost, premium features in determining whether to purchase and consider that information important to their purchase decision.

62.    As a direct and proximate result of Defendant's unfair methods of competition and/or unfair and deceptive practices, Plaintiffs and the Class have suffered and will continue to suffer actual damages.

63.    Plaintiffs and the Class are entitled to equitable relief.

64.    Plaintiffs provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a). Defendants failed to provide appropriate relief for its violations of the CLRA within 30 days. Therefore, Plaintiffs now seek monetary, compensatory, and punitive damages, in addition to injunctive and equitable relief.

## SECOND CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200 *et seq.*)

65.    Plaintiffs incorporate by reference the allegations contained in each and every paragraph of this Complaint.

66.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Class, or in the alternative, on behalf of themselves and on behalf of the California Sub-Class.

67.    As a result of their reliance on Defendant's conduct and omissions, Class Members suffered an ascertainable loss of money, property, and/or value of their Magellan RoadMate FLM navigation devices.

68.    California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

69.    Plaintiffs and Class Members are reasonable consumers who expect manufacturers, like MiTAC, to provide accurate and truthful representations regarding the features of their products. Further, reasonable consumers, like Plaintiffs, rely on the representations made by manufacturers regarding higher-cost, premium features in determining

whether to purchase and consider that information important to their purchase decision.

70.     In failing to disclose the true nature of the Magellan RoadMate FLM navigation devices' "free lifetime map updates" policy, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

71.     Defendant was under a duty to Plaintiffs and Class Members to disclose the true and actual nature of the Magellan RoadMate FLM navigation devices because:

a.     Defendant was in a superior position to know the true nature of the Magellan RoadMate FLM navigation devices' "free lifetime map updates" policy;

b.     Defendant made partial representations about the Magellan RoadMate FLM navigation devices without revealing the material information needed to determine whether to purchase; and

c.     Defendant actively concealed the true nature of the the Magellan RoadMate FLM navigation devices' "free lifetime map updates" policy from Plaintiffs and the Class.

72.     The facts Defendant concealed from or misrepresented to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Magellan RoadMate FLM navigation devices or pay less.  If Plaintiffs and Class Members had known that they would not receive free map updates for the useful lifetime of their Magellan RoadMate FLM devices despite MiTAC's promise of "free lifetime map updates" or that Defendant would retroactively apply conditions to its "lifetime map updates" policy, they would not have purchased the Magellan RoadMate FLM navigation devices or would have paid less for them.

73.     Defendant's conduct was and is likely to deceive consumers.

74.     Defendant's acts, conduct and practices were unlawful, in that they constituted:

a.     Violations of California's Consumers Legal Remedies Act;

b.     Breach of Express Warranty; and

c.     Violations of the Magnuson-Moss Warranty Act.

75.     By its conduct, Defendant has engaged in unfair competition and unlawful,

1   unfair, and fraudulent business practices.

2       76.    Defendant's unfair or deceptive acts or practices occurred repeatedly in

3   Defendant's trade or business and were capable of deceiving a substantial portion of the

4   purchasing public.

5       77.    As a direct and proximate result of Defendant's unfair and deceptive practices,

6   Plaintiffs and the Class have suffered and will continue to suffer actual damages.

7       78.    Defendant has been unjustly enriched and should be required to make restitution

8   to Plaintiffs and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

9                               **THIRD CAUSE OF ACTION**

10   **(Breach of Express Warranty Pursuant to California Commercial Code § 2313)**

11      79.    Plaintiffs incorporate by reference the allegations contained in the preceding

12   paragraphs of this Complaint.

13      80.    Plaintiffs bring this cause of action on behalf of themselves and the Class, or, in

14   the alternative, on behalf of the UCC Warranty Sub-Class.

15      81.    As a result of Defendant's breach of the specific express warranties regarding

16   lifetime map updates, owners and/or lessees of the Magellan RoadMate FLM suffered an

17   ascertainable loss of money, property, and/or value of their Magellan RoadMate FLM.

18   Additionally, Plaintiffs and the Class were harmed and suffered actual damages because of

19   Defendant's refusal to uphold its express promise of lifetime map updates.

20      82.    Defendant provided all purchasers and lessees of the Magellan RoadMate FLM

21   with the express warranty and promise described herein, which became a material part of the

22   bargain.  Accordingly, Defendant express warranty and promise of lifetime map updates is an

23   express warranty under California law.

24      83.    Defendant provided a description of its goods that formed the basis of the

25   bargain for Plaintiffs and other Class Members.

26      84.    Defendant warranted and expressly promised that the purchase of any Magellan

27   RoadMate FLM is accompanied by lifetime map updates.

28      85.    On information and belief, Defendant breached its express warranty and

promise to provide lifetime map updates by changing its "Terms and Conditions" on or around August of 2018 and refusing to honor its lifetime map update warranty and promise, and by charging owners for map updates.

86.     As a direct and proximate cause of Defendant's breach, Plaintiffs and Class Members suffered, and continue to suffer, damages, including economic damages at the point of sale.  Additionally, Plaintiffs and other Class Members either have incurred or will incur economic damages through incurring the costs of repair.

87.     Plaintiffs and the Class are entitled to legal and equitable relief against Defendant, including actual damages, consequential damages, specific performance, attorneys' fees, costs of suit, and other relief as appropriate.

## FOURTH CAUSE OF ACTION

### (Breach of Written Warranty under the Magnuson-Moss Warranty Act

### 15 U.S.C. § 2303 *et seq.*)

88.     Plaintiffs incorporates by reference the allegations contained in each and every paragraph of this Complaint.

89.     Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Class, or, in the alternative, on behalf of the California Sub-Class, against Defendant.

90.     The Magellan RoadMate FLM navigation devices are a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

91.     Plaintiffs and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

92.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

93.     Defendant warranted and expressly promised that the purchase of any Magellan RoadMate FLM is accompanied by lifetime map updates. This became a material part of the bargain. Accordingly, Defendant's express warranty and promise of lifetime map updates is an express warranty.

94.     Defendant provided a description of its goods that formed the basis of the

1    bargain for Plaintiffs and other Class Members.

2        95.    On information and belief, Defendant breached its express warranty and

3    promise to provide lifetime map updates by changing its "Terms and Conditions" on or around

4    August of 2018 and refusing to honor its lifetime map update warranty and promise, and by

5    charging owners for map updates.

6        96.    The amount in controversy of Plaintiffs' individual claims meets or exceeds the

7    sum or value of $25,000.  In addition, the amount in controversy meets or exceeds the sum or

8    value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be

9    determined in this suit.

10       97.    Defendant has been afforded a reasonable opportunity to cure its breach,

11   including customer complaints posted online and submitted to Defendant by Class Members

12   since 2012.

13       98.    As a direct and proximate cause of Defendant's breach of written warranties,

14   Plaintiffs and Class Members sustained damages and other losses in an amount to be

15   determined at trial.  Defendant's conduct damaged Plaintiffs and Class Members, who are

16   entitled to recover actual damages, consequential damages, specific performance, diminution

17   in value, costs, attorneys' fees, and/or other relief as appropriate.

18       99.    As a result of Defendant's violations of the Magnuson-Moss Warranty Act as

19   alleged herein, Plaintiffs and Class Members have incurred damages.

20                              **FIFTH CAUSE OF ACTION**

21       100.   **(For Trespass to Chattels Under California Law)**Plaintiffs incorporate by

22   reference the allegations contained in each and every paragraph of this Complaint.

23       101.   Plaintiffs bring this cause of action on behalf of themselves and on behalf of the

24   Class, or, in the alternative, on behalf of the California Sub-Class, against Defendant.

25       102.   Plaintiffs and the other Class members maintained actual or constructive

26   possession of their Magellan RoadMate FLM devices during the useful lifetime of the device.

27       103.   Defendant intentionally interfered with Plaintiffs's and the other Class

28   members' use of their Magellan RoadMate FLM devices by implementing a new lifetime map

updates policy, which limited the promise of free lifetime map updates to 3 years from the date of purchase.

104.    Plaintiffs and the other Class members did not consent to this interference.

105.    This interference was the actual and proximate cause of injury to Plaintiffs and the other Class members because it actually and substantially harmed the functioning of the devices by preventing Plaintiffs and the other Class members from updating the maps on their Magellan RoadMate FLM devices at no cost for the useful lifetime of the device, as promised by Defendant at the time of purchase. Moreover, the guarantee of free lifetime map updates was heavily advertised by Defendant as a premium feature of the devices and prominent benefit to consumers who purchase these devices largely, if not solely, for the purpose of accurate navigation, which requires current and frequent map updates.  This harm to the functioning of the devices significantly impaired the devices' condition, quality and value.

106.    As a result of Defendant's interference with their devices, Plaintiffs and the other members of the Class are entitled to recover the actual damages they suffered in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (For Unjust Enrichment)

107.    Plaintiffs incorporate by reference the allegations contained in each and every paragraph of this Complaint.

108.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Class, or, in the alternative, on behalf of the California Sub-Class, against Defendant.

109.    As a direct and proximate result of Defendant's misrepresentations, Defendant has profited through the sale of Magellan RoadMate FLM devices. Although some of these devices are purchased through Defendant's agents, the money from the device sales flows directly back to Defendant.

110.    Defendant has therefore been unjustly enriched as a result of Defendant's deceptive business practices in advertising, marketing, and selling the Magellan RoadMate

FLM navigation devices through the use of funds that earned interest or otherwise added to Defendant's profits when said money should have remained with Plaintiffs and Class Members.

111.    As a result of the Defendant's unjust enrichment, Plaintiffs and Class Members have suffered damages.

**RELIEF REQUESTED**

112.    Plaintiffs, on behalf of themselves, and all others similarly situated, request the Court to enter judgment against Defendant, as follows:

a.  An order certifying the proposed Class and Sub-Classes, designating Plaintiffs as named representative of the Class, and designating the undersigned as Class Counsel;

b.  An order enjoining Defendant from further deceptive advertising, sales, and other business practices with respect to its representations regarding the Magellan RoadMate FLM navigation devices;

c.  A declaration requiring Defendant to comply with the various provisions of the Song-Beverly Act alleged herein and to make all the required representations;

d.  An award to Plaintiffs and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

e.  Any and all remedies provided pursuant to the UCC and Magnuson-Moss Warranty Act;

f.  A declaration that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of Magellan RoadMate FLM navigation devices, or make full restitution to Plaintiffs and Class Members;

g.  An award of attorneys' fees and costs, as allowed by law;

h.  An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

i.  An award of pre-judgment and post-judgment interest, as provided by law;

j.  Leave to amend the Complaint to conform to the evidence produced at trial; and

1        k.   Such other relief as may be appropriate under the circumstances.

2                          **DEMAND FOR JURY TRIAL**

3    Plaintiffs hereby demand a trial by jury of any and all issues in this action so triable.

4    Dated:  September 28, 2018                    Respectfully submitted,

5                                                 Capstone Law APC

6
                                          By: /s/ Jordan Lurie
7                                             Jordan L. Lurie
                                              Tarek H. Zohdy
8                                             Cody R. Padgett
                                              Trisha K. Monesi
9
                                              Attorneys for Plaintiffs
10                                            Michael Livingston and Sharon McGill

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT