UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LIVINGSTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MITAC DIGITAL CORPORATION, <br><br> Defendant. | Case No. 18-cv-05993-JST <br><br> **ORDER REQUESTING FURTHER BRIEFING ON PLAINTIFFS' CLAIM FOR TRESPASS TO CHATTELS** <br><br> Re: ECF No. 23 |

Now before the Court is Defendant MiTAC Digital Corporation's ("MDC") motion to dismiss Plaintiffs' first amended complaint ("FAC"). ECF No. 23. MDC seeks to dismiss all of Plaintiffs' claims, including their claim for trespass to chattels. *See* ECF No. 21 (FAC) ¶¶ 100-06.

Under California law, trespass to chattels "lies where an intentional interference with the possession of personal property has proximately caused injury." *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350-51 (2003) (citation omitted). For the interference to rise to an actionable level, Defendant's "intermeddling [must be] harmful to the possessor's materially valuable interest in the physical condition, quality, or value of the chattel," or must deprive the possessor "of the use of the chattel for a substantial time." *Id.* at 1351. The tort of trespass to chattels has been dubbed the "little brother of conversion." *Id.* at 1350.

The Restatement Second of Torts, cited favorably by the California Supreme Court in *Hamidi*, explains that "intermeddling" means intentionally bringing about a physical contact with the chattel. Restatement (Second) of Torts § 217 cmt. e (2012). As the Restatement explains,

> The actor may commit a trespass by an act which brings him into an intended physical contact with a chattel in the possession of another, as when he beats another's horse or dog, or by intentionally directing an object or missile against it, as when the actor throws a stone at another's automobile or intentionally drives his own car against it. So too, a trespass may be committed by causing a third person

> through duress or fraud to intermeddle with another's chattel. An actor may also commit a trespass by so acting upon a chattel as intentionally to cause it to come in contact with some other object, as when a herd of sheep is deliberately driven or frightened down a declivity. If such intermeddling with another's chattel is done without his consent and without any other privilege, the actor is subject to liability for harm thus caused to the chattel under the rules stated in §§ 218-220.

*Id.; see also Level 3 Commc'ns, Inc. v. Lidco Imperial Valley, Inc.*, No. 11CV01258 BTM MDD, 2012 WL 4848929, at *4 (S.D. Cal. Oct. 11, 2012) ("'Intermeddling' means intentionally bringing about a physical contact with the chattel." (citing the Restatement)).

The cases cited by Plaintiffs do not directly address the physical contact element of a trespass to chattels claim, although in those cases that element appears to have been satisfied. In *Grace v. Apple Inc.*, for example, Plaintiffs alleged that defendant Apple disabled a popular video chat application on users' phones unless they upgraded to a new Apple operating system. Case No. 17-CV-00551, 2017 WL 3232464, at *2 (N.D. Cal. July 28, 2017). Thus, Apple took an affirmative action that changed the operation of Plaintiffs' phones. *See id.* Similarly, in *In re iPhone Application Litigation*, the plaintiffs claimed that defendants violated their privacy rights by unlawfully allowing third party applications that ran on Apple devices to collect and make use of, for commercial purposes, personal information without user consent or knowledge. 844 F. Supp. 2d 1040, 1048-49 (N.D. Cal. 2012). Thus, these claims also involved conduct that changed the operation of plaintiffs' devices. Although the question was not presented, a court might plausibly conclude in both cases that defendants made a kind of physical contact with plaintiffs' devices.

By contrast, the conduct alleged here did not involve communication with, or a change in the operation of, Plaintiffs' devices. Instead, Plaintiffs allege that Defendant changed its map update policy such that Defendant would *not* make changes to Plaintiffs' devices. The parties do not cite, and the Court has not been able to find, any authority addressing whether allegations of that kind satisfy the physical contact pleading requirement for a trespass to chattels claim.

Accordingly, the Court now orders Defendant to file a supplemental brief of not more than eight pages addressing this question by May 3, 2019. Plaintiffs' opposition of not more than eight pages is due May 14, 2019. If the parties cannot locate California authority on point, they are invited to bring to the Court's attention cases from other jurisdictions, law review articles, and

such other authorities as might assist the Court with this novel question.  The Court will take the matter under submission on May 14 and will not conduct a hearing.

**IT IS SO ORDERED.**

Dated:  April 24, 2019



JON S. TIGAR
United States District Judge