Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:      (310) 556-4811
Facsimile:      (310) 943-0396

Attorneys for Plaintiffs Michael Livingston
and Sharon McGill

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LIVINGSTON and SHARON MCGILL, individually, and on behalf of a class of similarly situated individuals,<br><br>          Plaintiffs,<br><br>     v.<br><br>MITAC DIGITAL CORPORATION, a California corporation,<br><br>          Defendant. | Case No.: 4:18-cv-05993-JST<br><br>Hon. Jon S. Tigar<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      November 4, 2020<br>Time:      2:00 p.m.<br>Place:      Courtroom 6 |

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that on November 4, 2020, at 2:00 p.m., in Courtroom 6 of the above-

3    captioned Court, located at 1301 Clay Street, Oakland, California 94612, the Honorable Jon S. Tigar

4    presiding, Plaintiffs Michael Livingston and Sharon McGill will, and hereby do, move this Court to award

5    attorneys' fees, costs and expenses, and class representative incentive awards. Plaintiffs seek to recover

6    reasonable attorneys' fees and costs/expenses in a combined amount of $320,000, and incentive awards of

7    $2,500, each. The requested fees are reasonable under the lodestar method, as they are of product of

8    reasonable hours and reasonable rates.

9    This Motion is based on:  (1) this Notice of Motion and Motion; (2) the Memorandum of Points

10   and Authorities in Support of Motion for Attorneys' Fees, Costs, and Class Representative Incentive

11   Awards incorporated herewith; (3) the Declaration of Raul Perez; (4) the [Proposed] Order filed

12   concurrently herewith; (5) the records, pleadings, and papers filed in this action; and (6) on such other

13   documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

14

15   Dated:  July 14, 2020                              Respectfully submitted,

16                                                      By:   /s/ Trisha Monesi

17                                                          Raul Perez
                                                           Tarek H. Zohdy
18                                                          Cody R. Padgett
                                                           Trisha K. Monesi
19                                                         **CAPSTONE LAW APC**

20                                                         Attorney for Plaintiffs Michael Livingston
                                                           and Sharon McGill

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT ......................................................................................................... 2

        A.      The Parties Have Separately Negotiated Fees That Will Not Affect Class Benefits ......................................................................................................... 2

        B.      The Fee Request is Reasonable Under the Lodestar Method ......................... 3

                1.      The Hours Expended Are Reasonable ................................................ 4

                2.      Class Counsel's Hourly Rates are Reasonable ................................... 8

                3.      Although Not Requested, Class Counsel Would Otherwise Be Entitled to a Modest Risk Multiplier ................................................ 10

        C.      The Expenses Advanced by Class Counsel Should be Reimbursed ............ 13

        D.      The Requested Incentive Awards Are Fair and Reasonable and Should Be Approved ................................................................................................... 14

III.    CONCLUSION ................................................................................................... 14

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

**TABLE OF AUTHORITIES**

FEDERAL CASES

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997)................................................................12

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................................................................8

*Bravo v. Gale Triangle, Inc*., No. 16-03347 BRO, 2017 WL 708766 (C.D. Cal. Feb. 16,
    2017)........................................................................................................................................9

*Chambers v. Whirlpool Corp*., 214 F. Supp. 3d 877 (C.D. Cal. 2016) ....................................9, 13

*Etter v. Thetford Corporation*, No. 13-00081-JLS, 2017 WL 1433312 (C.D. Cal. Apr. 14,
    2017)........................................................................................................................................9

*Fadhl v. City and County of San Francisco*, 859 F.3d 649 (9th Cir. 1988)...............................13

*Fischel v. Equitable Life Assur. Society of U.S*., 307 F.3d 997 (9th Cir. 2002)..........................10

*Fox v. Vice*, 131 S. Ct. 2205 (2011) ...........................................................................................4

*Hensley v. Eckehart*, 461 U.S. 424 (1983) ...............................................................................2, 3

*In re Bluetooth Headset Products Liab. Litig*., 654 F.3d 935 (9th Cir. 2011) ......................2, 3, 4

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019)...................................2, 12

*In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007) .............................13

*In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888 (N.D. Cal. 2018) ..............................11

*In re Volkswagen & Audi Warranty Extension Litig*., 89 F. Supp. 3d 155 (D. Mass. 2015)......13

*In re Washington Public Power Supply Sys. Sec. Litig*., 19 F.3d 1291 (9th Cir. 1994)...............10

*Johnson v. General Mills, Inc*., No. 10-00061-CJC, 2013 U.S. Dist. LEXIS 90338 (C.D.
    Cal. June 17, 2013).................................................................................................................13

*Kearney v. Hyundai Motor Am*., No. 09-1298, 2013 U.S. Dist. LEXIS 91636 (C.D. Cal.
    June 28, 2013)...........................................................................................................................9

*Laguna v. Coverall North America,* 753 F.3d 918 (9th Cir. 2014*)* ..........................................2

*Mangold v. Calif. Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) .................................3

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ...............................................12

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) .................................................4

*Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160 (C.D. Cal. 2010) .......................................3, 9

*Rodriguez v. W. Pub. Corp.*, 563 F.3d 948 (9th Cir. 2009) ....................................................................14

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ...............................................................................2

*Tomek v. Apple Inc.*, 636 F. App'x 712 (9th Cir. 2016) .......................................................................11

*Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460
    F.3d 1253 (9th Cir. 2006) ...............................................................................................................13

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).........................................................3, 10

*Warner v. Toyota Motor Sales, U.S.A.*, No. 15-02171-FMO (C.D. Cal. May 21, 2017) ...................13

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012).........................................................11

*Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815 (9th Cir. 2009) ...........................................4


**STATE CASES**

*Children's Hospital and Med. Center v. Bonta*, 97 Cal. 4th 740 (2002) ..............................................8

*Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2004) ................................................................10

*Horsford v. Board of Trustees of California State Univ.*, 132 Cal. App. 4th 359 (2005)...................4, 10

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) ....................................................................................3, 10

*Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170 (2007) ........................................3

*Margolin v. Regional Planning Com.*, 134 Cal. App. 3d 999 (1982) ..................................................8

*PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084 (2000) ......................................................................4

*Serrano v. Priest*, 20 Cal. 3d 25 (1977) .............................................................................................3

*Serrano v. Unruh*, 32 Cal. 3d 621 (1982)............................................................................................4

*Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal. App. 4th 440 (2000)............................................4

*Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128 (1998) ...............................................................4


**FEDERAL STATUTES**

Fed. R. Civ. P. 23(h) ...........................................................................................................................2

Fed. R. Civ. Pro. 23(b)(3)..................................................................................................................12

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

**STATE STATUTES**

Cal. Civ. Code §§ 1750 *et seq*. (Cons. Legal Remedies Act (CLRA)) ........................................................3

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3

After litigating this case on a wholly contingent basis since September 28, 2018, and successfully

4

negotiating a settlement that creates substantial benefits for the settlement class, Plaintiffs seek to recover

5

reasonable attorneys' fees and costs/expenses in a combined amount of $320,000. Plaintiffs also move for

6

modest incentive awards of $2,500, each, for their service on behalf of the class. The negotiated attorneys'

7

fees, costs, and incentive awards are part of a settlement that resolves Plaintiffs' allegation that Defendant

8

MiTAC Digital Corporation ("Defendant" or "Magellan") misled Class Members to believe that their

9

Magellan RoadMate Navigators would receive free lifetime updates, when in fact Defendant allegedly

10

required Class Members to purchase updates.

11

The Settlement, preliminarily approved by the Court on April 29, 2020, provides Class Members

12

with immediate and valuable relief consisting of:  (1) free map updates; (2) reimbursement for previously

13

purchased Map Updates; and (3) notice of Magellan's terms and conditions (as explained in the FAQ), and

14

that the terms and conditions do not apply to RoadMate Navigators with Free Lifetime Map Updates

15

purchased before June 30, 2019.

16

Plaintiffs and their counsel believe the Settlement is fair and reasonable, and provides Class

17

Members similar, if not superior, remedies to what they could otherwise have expected to receive if the

18

case had been successfully tried, but without the delay and risks associated with continued litigation and

19

trial. Class Counsel, Capstone Law APC ("Class Counsel"), accordingly move to be compensated for their

20

efforts and achievement on behalf of the Class, and for incentive awards to the named Plaintiffs who

21

prosecuted this action.

22

The fees will be paid by Defendant, and not by Class Members or from a common fund. Awarding

23

the negotiated fees in full will not affect the benefits for Class Members and will fairly compensate Class

24

Counsel for their work in this case, as confirmed under the prevailing lodestar method for calculating fees.

25

The lodestar is based on reasonable hours multiplied by reasonable rates. Class Counsel have expended

26

approximately 830 hours prosecuting this case—a reasonable number given the complexities of this action

27

and its settlement. Among the many tasks performed, Class Counsel have responded to approximately one

28

hundred inquiries by Class Members, which includes answering Class Members' questions about the

1   Settlement.

2   　　　Class Counsel's hourly rates are reasonable and are within the range of rates repeatedly approved

3   by the Northern District, and the hours billed were reasonably necessary to investigate and litigate this

4   matter to its successful conclusion.

5   　　　The expenses advanced by Class Counsel are those that would typically be billed to a paying client

6   and should be reimbursed. The requested incentive awards are similarly reasonable and modest, and should

7   be approved.

8   **II.      ARGUMENT**

9   　　　**A.      The Parties Have Separately Negotiated Fees That Will Not Affect Class Benefits**

10   　　　At the conclusion of a successful class action, the plaintiff may apply to the Court for an award of

11   "reasonable attorneys' fees and non-taxable costs that are authorized by law or the parties' agreement."

12   Fed. R. Civ. P. 23(h). In considering the fee application, courts must ensure that the fees awarded are

13   reasonable. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In their

14   evaluation, however, district courts must account for the fact that "the parties are compromising to avoid

15   litigation." *Laguna v. Coverall North America*, 753 F.3d 918, 922 (9th Cir. 2014) *vac'd as moot*, 2014 U.S.

16   App. LEXIS 21950 (9th Cir. Nov. 20, 2014). Accordingly, "the district court need not inquire into the

17   reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee

18   amount is litigated." *Id*. (quoting *Staton v. Boeing Co*., 327 F.3d 938, 966 (9th Cir. 2003)). This standard is

19   consistent with the strong policy discouraging a "second major litigation" arising from a request for

20   attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the

21   amount of a fee").

22   　　　Here, the agreed-upon attorneys' fees and costs/expenses in the amount of $320,000 (Amended

23   Settlement Agreement ¶ 30) are the product of non-collusive, adversarial negotiations conducted at arm's-

24   length at a mediation before a distinguished mediator and jurist, the Honorable Jay C. Gandhi (Ret.) of

25   JAMS. The en banc court in *Hyundai* recently found that separate settlement and fee negotiations provide

26   another indication of non-collusiveness. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 568 (9th Cir.

27   2019).

28   　　　By agreeing to resolve attorneys' fees amicably, Defendant averted the possibility that Class

Counsel might apply for, and receive, a much larger award, and thus avoided a "second major litigation" on attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). Accordingly, this Court's review of the reasonableness of the fee request should take into consideration the Parties' bargain, including the important fact that the attorneys' fees are discrete from the funds that have been designated as relief for the Class.

### B.   The Fee Request is Reasonable Under the Lodestar Method

"In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees." *Mangold v. Calif. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). The state law governing the underlying claims in a diversity action "also governs the award of fees." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Here, California law governs, as Plaintiffs have sued for relief under, *inter alia*, the Consumer Legal Remedies Act ("CLRA"), and, as successful parties, they are entitled to fees under its one-way fee-shifting provision.[1]

Under California law, the lodestar is the "starting point of every fee award." *Serrano v. Priest*, 20 Cal. 3d 25, 48 n.23 (1977) ("*Serrano III*"). For any fee application subject to a statutory award, courts should "presume that the Legislature intended courts to use the prevailing lodestar adjustment method." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1136 (2001); *accord In re Bluetooth*, 654 F.3d at 941 ("The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes."). This is because the lodestar method most effectively compensates successful counsel for "all the hours reasonably spent." *Ketchum*, 24 Cal.4th at 1133. "Anchoring the analysis to [the lodestar] is the only way of approaching the problem that can claim objectivity, a claim which is obviously vital to the prestige of the bar and the courts." *Serrano III*, 20 Cal. 3d at 48 n.23.

---

[1] Under the mandatory fee-shifting provision of the CLRA, the Court "shall award court costs and attorneys' fees to a prevailing plaintiff in a litigation" under that section. Cal. Civ. Code § 1780(e). "[A]n award of attorney fees to 'a prevailing plaintiff' in an action brought pursuant to the CLRA is mandatory, even where the litigation is resolved by a pre-trial settlement agreement." *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178-179 (2007). There is no dispute that Plaintiffs, having obtained the relief they sought when they filed suit, are the prevailing party. *See Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160, 1171 (C.D. Cal. 2010) (authorizing fees under CLRA when the plaintiff obtained relief sought by way of a class action settlement). And Defendant recognized Plaintiffs' right to recover fees by entering into the Settlement Agreement under which it would not oppose Plaintiffs' request for attorneys' fees and costs/expenses in an amount not exceeding $320,000. (Amended Settlement Agreement ¶ 30.)

To determine the lodestar, the Court must first multiply "the number of hours reasonably expended on the litigation … by a reasonable hourly rate." *In re Bluetooth*, 654 F.3d at 941.

### 1.    The Hours Expended Are Reasonable

In evaluating the reasonableness of the hours Class Counsel expended, courts must "focus on providing an award of attorneys' fees reasonably designed to fully compensate plaintiffs' attorneys for the services provided." *Horsford v. Board of Trustees of California State Univ.*, 132 Cal. App. 4th 359, 395 (2005). Courts do so by looking at "the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, [and] litigation tactics…" *Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal. App. 4th 440, 445 (2000). The general principle is that "the attorney who takes [a statutory fee-shifting] case can anticipate receiving full compensation for every hour spent litigating a claim even against the most polemical opponent." *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1175 (1998). However, courts should not be "enmeshed in a meticulous analysis of every detailed facet of the professional representation." *Serrano v. Unruh*, 32 Cal. 3d 621, 642 (1982) ("*Serrano IV*"). Rather, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).

Class Counsel have expended approximately 830 hours thus far to prosecute this action[2] and secure benefits for the Class, not counting the hours that will be spent preparing further briefing (including finalizing the motion for final approval) and the hours Class Counsel anticipate will be required to help Class Members understand the Settlement and submit claims. Class Counsel have reviewed billing entries describing tasks performed that attorneys logged contemporaneously into Class Counsel's billing program.[3] (*See* Perez Decl. ¶ 7.) Following the review of the voluminous records, Class Counsel sorted the

---

[2] In an exercise of billing discretion, Class Counsel have voluntarily excluded over 115 hours from the lodestar submission. (Perez Decl. ¶ 7.) The Court should take the voluntary reductions into consideration in evaluating the reasonableness of the fee request. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (instructing courts to take into account existing voluntary deductions in making evaluating whether further deductions should be made, and crediting counsel with a voluntary 10% "haircut").

[3] California law does not require actual billing records; courts may award statutory fees based on declarations and summaries. *See PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1098 (2000); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009) (applying California law and determining that the "testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time record.").

entries by task categories, summarizing those tasks for the Court's convenience. (*Id.*) The hours incurred reflect Class Counsel's exceptional efforts in surmounting a number of obstacles, including strong resistance from a well-financed opponent represented by highly experienced and skilled counsel, to secure an excellent settlement for the Class. These hours are summarized by major task in the charts below:

| Attorney | Title | CA Bar Yr. | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Mark Ozzello | Senior Counsel | 1984 | $775 | 85.1 | $65,952.50 |
| Raul Perez | Partner | 1994 | $775 | 24.1 | $18,677.50 |
| Robert Friedl | Senior Counsel | 1988 | $745 | 247.9 | $184,685.50 |
| Tarek Zohdy | Senior Counsel | 2006 | $575 | 98.4 | $56,580.00 |
| Eduardo Santos | Senior Counsel | 2007 | $545 | 77.2 | $42,074.00 |
| Cody Padgett | Associate | 2011 | $420 | 60.5 | $25,410.00 |
| Trisha Monesi | Associate | 2015 | $345 | 234.1 | $80,764.50 |
| **Total** | | | | **827.3** | **$474,144.00** |

| Major Tasks | Hours | Fees |
|---|---|---|
| Pre-Litigation Investigation | 93.8 | $34,792.00 |
| Pleadings and Non-Motion Court Filings | 39.2 | $19,417.00 |
| Motion to Dismiss | 64.6 | $24,556.00 |
| Legal and Factual Analysis of Claims and Defenses / Discovery | 102.4 | $60,828.00 |
| Case Management | 47.3 | $29,329.50 |
| Mediation and Negotiations | 102.3 | $54,734.00 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 377.7 | $250,487.50 |
| **Total** | **827.3** | **$474,144.00** |

| Major Tasks / Attorneys | Hours | Fees |
|---|---|---|
| **Pre-Litigation Investigation** | **93.8** | **$34,792.00** |
| Tarek Zohdy ($575) | 7.7 | $4,427.50 |
| Cody Padgett ($420) | 8.8 | $3,696.00 |
| Trisha Monesi ($345) | 77.3 | $26,668.50 |
| **Pleadings and Non-Motion Court Filings** | **39.2** | **$19,417.00** |
| Mark Ozzello ($775) | 1.8 | $1,395.00 |
| Robert Friedl ($745) | 2.3 | $1,713.50 |
| Tarek Zohdy ($575) | 16.3 | $9,372.50 |
| Cody Padgett ($420) | 6 | $2,520.00 |
| Trisha Monesi ($345) | 12.8 | $4,416.00 |
| **Motion to Dismiss** | **64.6** | **$24,556.00** |
| Mark Ozzello ($775) | 0.4 | $310.00 |
| Tarek Zohdy ($575) | 6.9 | $3,967.50 |
| Cody Padgett ($420) | 6.8 | $2,856.00 |
| Trisha Monesi ($345) | 50.5 | $17,422.50 |

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

| Major Tasks / Attorneys | Hours | Fees |
|---|---|---|
| **Legal and Factual Analysis of Claims and Defenses / Discovery** | **102.4** | **$60,828.00** |
| Mark Ozzello ($775) | 26.4 | $20,460.00 |
| Raul Perez ($775) | 0.3 | $232.50 |
| Robert Friedl ($745) | 25 | $18,625.00 |
| Tarek Zohdy ($575) | 16.3 | $9,372.50 |
| Cody Padgett ($420) | 3.6 | $1,512.00 |
| Trisha Monesi ($345) | 30.8 | $10,626.00 |
| **Case Management** | **47.3** | **$29,329.50** |
| Mark Ozzello ($775) | 16 | $12,400.00 |
| Robert Friedl ($745) | 3.3 | $2,458.50 |
| Tarek Zohdy ($575) | 18.7 | $10,752.50 |
| Cody Padgett ($420) | 6.8 | $2,856.00 |
| Trisha Monesi ($345) | 2.5 | $862.50 |
| **Mediation and Negotiations** | **102.3** | **$54,734.00** |
| Mark Ozzello ($775) | 12.7 | $9,842.50 |
| Raul Perez ($775) | 15.3 | $11,857.50 |
| Robert Friedl ($745) | 3.6 | $2,682.00 |
| Tarek Zohdy ($575) | 17.6 | $10,120.00 |
| Eduardo Santos ($545) | 1.2 | $654.00 |
| Cody Padgett ($420) | 22.3 | $9,366.00 |
| Trisha Monesi ($345) | 29.6 | $10,212.00 |
| **Drafting Settlement Documents and Motions / Supervising Administration of Settlement** | **377.7** | **$250,487.50** |
| Mark Ozzello ($775) | 27.8 | $21,545.00 |
| Raul Perez ($775) | 8.5 | $6,587.50 |
| Robert Friedl ($745) | 213.7 | $159,206.50 |
| Tarek Zohdy ($575) | 14.9 | $8,567.50 |
| Eduardo Santos ($545) | 76 | $41,420.00 |
| Cody Padgett ($420) | 6.2 | $2,604.00 |
| Trisha Monesi ($345) | 30.6 | $10,557.00 |
| **Total** | **827.3** | **$474,144.00** |

| Major Tasks / Attorneys | Hours | Fees |
|---|---|---|
| **Mark Ozzello ($775)** | **85.1** | **$65,952.50** |
| Pleadings and Non-Motion Court Filings | 1.8 | $1,395.00 |
| Motion to Dismiss | 0.4 | $310.00 |
| Legal and Factual Analysis of Claims and Defenses /      Discovery | 26.4 | $20,460.00 |
| Case Management | 16 | $12,400.00 |
| Mediation and Negotiations | 12.7 | $9,842.50 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 27.8 | $21,545.00 |
| **Raul Perez ($775)** | **24.1** | **$18,677.50** |
| Legal and Factual Analysis of Claims and Defenses / Discovery | 0.3 | $232.50 |

| Major Tasks / Attorneys | Hours | Fees |
|---|---|---|
| Mediation and Negotiations | 15.3 | $11,857.50 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 8.5 | $6,587.50 |
| **Robert Friedl ($745)** | **247.9** | **$184,685.50** |
| Pleadings and Non-Motion Court Filings | 2.3 | $1,713.50 |
| Legal and Factual Analysis of Claims and Defenses / Discovery | 25 | $18,625.00 |
| Case Management | 3.3 | $2,458.50 |
| Mediation and Negotiations | 3.6 | $2,682.00 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 213.7 | $159,206.50 |
| **Tarek Zohdy ($575)** | **98.4** | **$56,580.00** |
| Pre-Litigation Investigation | 7.7 | $4,427.50 |
| Pleadings and Non-Motion Court Filings | 16.3 | $9,372.50 |
| Motion to Dismiss | 6.9 | $3,967.50 |
| Legal and Factual Analysis of Claims and Defenses / Discovery | 16.3 | $9,372.50 |
| Case Management | 18.7 | $10,752.50 |
| Mediation and Negotiations | 17.6 | $10,120.00 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 14.9 | $8,567.50 |
| **Eduardo Santos ($545)** | **77.2** | **$42,074.00** |
| Mediation and Negotiations | 1.2 | $654.00 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 76 | $41,420.00 |
| **Cody Padgett ($420)** | **60.5** | **$25,410.00** |
| Pre-Litigation Investigation | 8.8 | $3,696.00 |
| Pleadings and Non-Motion Court Filings | 6 | $2,520.00 |
| Motion to Dismiss | 6.8 | $2,856.00 |
| Legal and Factual Analysis of Claims and Defenses / Discovery | 3.6 | $1,512.00 |
| Case Management | 6.8 | $2,856.00 |
| Mediation and Negotiations | 22.3 | $9,366.00 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 6.2 | $2,604.00 |
| **Trisha Monesi ($345)** | **234.1** | **$80,764.50** |
| Pre-Litigation Investigation | 77.3 | $26,668.50 |
| Pleadings and Non-Motion Court Filings | 12.8 | $4,416.00 |
| Motion to Dismiss | 50.5 | $17,422.50 |
| Legal and Factual Analysis of Claims and Defenses / Discovery | 30.8 | $10,626.00 |
| Case Management | 2.5 | $862.50 |
| Mediation and Negotiations | 29.6 | $10,212.00 |
| Drafting Settlement Documents and Motions / Supervising Administration of Settlement | 30.6 | $10,557.00 |
| **Total** | **827.3** | **$474,144.00** |

1

### 2.   Class Counsel's Hourly Rates are Reasonable

2      Class Counsel's hourly rates, which range from $345 for associates to $775 for very senior

3   attorneys and partners, are also reasonable. (*See* Perez Decl. ¶¶ 7-10.) Counsel are entitled to their

4   requested hourly rates if those rates are within the range of rates charged by and awarded to attorneys of

5   comparable experience, reputation, and ability for similar work, *i.e.*, complex class action litigation.

6   *Children's Hospital and Med. Center v. Bonta*, 97 Cal. 4th 740, 783 (2002) (affirming rates that were

7   "within the range of reasonable rates charged by, judicially awarded to, comparable attorneys for

8   comparable work"); *accord Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (determining reasonable rate

9   by examining the rate "prevailing in the community for similar services by lawyers of reasonably

10  comparable skill, experience, and reputation"). Prior judicial orders are probative evidence of market rates.

11  *See Margolin v. Regional Planning Com.*, 134 Cal. App. 3d 999, 1005 (1982) (rejecting the defendant's

12  attacks on prior court orders and deeming such orders to be highly probative of rates).

13      Class Counsel are highly experienced in the area of consumer protection law, and have made

14  important contributions to the field. In *McGill v. Citibank N.A.*, 2 Cal. 5th 945 (2017), Class Counsel

15  represented plaintiffs in a major decision holding that the right to seek public injunctive relief under the

16  state's consumer protection laws cannot be waived and that consumers need not satisfy class certification

17  requirements to enjoin unfair business practices on behalf of the public. In *Nguyen v. Nissan N.A.*, 726 F.3d

18  811 (9th Cir. 2019), Class Counsel reversed a denial of class certification, making law that clarified the use

19  of "benefit of the bargain" damages models in consumer class actions. Both decisions were awarded a

20  "Top Appellate Reversal" in California by *Daily Journal* for their respective years. (Perez Decl. ¶ 3.)

21      In light of their demonstrable experience and skill, Class Counsel's hourly rates have been

22  repeatedly approved by courts in this district. *See MacDonald v. Ford Motor Co.*, No. 3:13-cv-02988-JST

23  (N.D. Cal. May 31, 2016) (approving Capstone's rates for Associates ($370 to $495) and Senior

24  Counsel/Partners ($595 to $695) on a *contested* motion for attorneys' fees); *Black v. T-Mobile USA, Inc.*,

25  No. 4:17-cv-04151-HSG (N.D. Cal. July 24, 2019) (approving Capstone's rates for Associates ($295 to

26  $435) and Senior Counsel/Partners ($495 to $725)); *Ford v. CEC Entertainment, Inc.*, No. 3:14-cv-01420-

27  RS (N.D. Cal. Nov. 18, 2016) (approving Capstone's rates for Associates ($420 to $470) and Senior

28  Counsel/Partners ($545 to $695)). (Perez Decl. ¶ 9.)

1       Class Counsel's rates have also been approved by other district courts in the Ninth Circuit. *See*

2  *Vargas v. Ford Motor Co.*, No. CV12-08388 AB (FFMx) (C.D. Cal. March 5, 2020) (approving

3  Capstone's rates for Associates ($245 to $445) and Senior Counsel/Partners ($495 to $775)); *Wylie v.*

4  *Hyundai Motor America*, No. 8:16-cv-02102-DOC-JCG (C.D. Cal. March 2, 2020) (approving Capstone's

5  rates for Associates ($295 to $445) and Senior Counsel/Partners ($545 to $775)); *Garrido v. J. C. Penney*

6  *Corporation, Inc.*, No. 5:18-cv-02051-JVS-SP (C.D. Cal. Jan. 25, 2019) (approving Capstone's rates for

7  Associates ($435 to $455) and Senior Counsel/Partners ($495 to $725)); *Grillo v. Key Energy Services,*

8  *LLC*, No. 2:14-cv-00881-AB-AGR (C.D. Cal. Oct. 13, 2017) (approving Capstone's rates for Associates

9  ($245 to $470) and Senior Counsel/Partners ($595 to $725)); *Emmons v. Quest Diagnostics Clinical*

10  *Laboratories, Inc.*, No. 1:13-cv-00474-DAD-BAM (E.D. Cal. Feb. 27, 2017) (approving Capstone's rates

11  for Associates ($370 to $495) and Senior Counsel/Partners ($545 to $695)); *Nunnally v. Dave & Busters,*

12  *Inc.*, No. 8:16-cv-00855-DOC-KES (C.D. Cal. Jan. 9, 2017) (approving Capstone's rates for Associates

13  ($395 to $495) and Senior Counsel/Partners ($545 to $695)). (Perez Decl. ¶ 8.)

14       Class Counsel's hourly rates are also within the range of rates charged by other experienced

15  counsel who regularly litigate and settle complex class actions. *See Parkinson v. Hyundai Motor America*,

16  796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010) (approving hourly rates between $445 and $675); *Richard v.*

17  *Ameri-Force Mgmt. Servs., Inc.* (San Diego Super. Ct., August 27, 2010, No. 37-2008-00096019) ($695 to

18  $750 an hour for partners; $495 an hour for associates); *Barrera v. Gamestop Corp.* (C.D. Cal. Nov. 29,

19  2010, No. CV 09-1399) ($700 an hour for partners; $475 an hour for associates); *Anderson v. Nextel Retail*

20  *Stores, LLC* (C.D. Cal. June 20, 2010, No. CV 07-4480) ($655 to $750 an hour for partners; $300 to $515

21  an hour for associates); *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 899 (C.D. Cal. 2016)

22  (approving rates of $485 to $750 for consumer class action attorneys on a contested fee motion); *Etter v.*

23  *Thetford Corporation*, No. 13-00081-JLS, 2017 WL 1433312 (C.D. Cal. Apr. 14, 2017) (approving $275

24  to $775 for attorneys on a contested fee motion); *Bravo v. Gale Triangle, Inc.*, No. 16-03347 BRO, 2017

25  WL 708766, at *17 (C.D. Cal. Feb. 16, 2017) (approving rates between $350 and $700); *Kearney v.*

26  *Hyundai Motor Am.*, No. 09-1298, 2013 U.S. Dist. LEXIS 91636 (C.D. Cal. June 28, 2013) (approving

27  hourly rates of $650-$800 for senior attorneys in consumer class action).

28       In short, Class Counsel's hourly rates are within the range of hourly rates charged by comparable

attorneys and approved by multiple jurisdictions, including by courts in the Northern District of California. The requested rates should be approved.

### 3. Although Not Requested, Class Counsel Would Otherwise Be Entitled to a Modest Risk Multiplier

Although not requested, Class Counsel would otherwise be entitled to the application of a positive multiplier. Under California law, a risk multiplier is meant to compensate the contingency attorney for the risk he or she undertakes to enforce important public rights:

> A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.

*Ketchum*, 24 Cal. 4th at 1132-33; *see Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 580 (2014) (explaining California's policy of adjusting the lodestar upward to account for contingent risk). A court abuses its discretion if it fails to apply a risk multiplier where the attorneys undertook the case with the expectation that they would receive a risk enhancement if they prevailed, the case was risky, and the hourly rate does not reflect that risk. *See Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997, 1008 (9th Cir. 2002).

The contingent risk factor is the single most important enhancement factor under California law for actions where statutory fees are available, and it must be considered by the court in fixing fees. *See Horsford*, 132 Cal. App. 4th at 399 (reversing a trial court order for failure to consider contingent risk for statutory fees); *Vizcaino*, 290 F.3d at 1049-1050. This enhancement stems from the "established practice in the private legal market to reward attorneys for taking the risks of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). This risk is particularly acute for contingency fee attorneys because they "must use savings or incur debt to keep their offices afloat and their families fed during the years-long litigation." *Horsford*, 132 Cal. App. 4th at 400. Because attorneys pursuing claims in contingency will sometimes lose after expending thousands of hours and advancing tens of thousands of dollars in expenses, despite litigating diligently and expertly, an enhancement ensures that the risks do not outstrip thee incentive to pursue claims on behalf of consumers.

1    This case presented substantial risk to Class Counsel. The Court will recall that Defendant moved

2    to dismiss Plaintiffs' claims (as alleged in the First Amended Complaint) on January 7, 2019, and at the

3    April 24, 2019 case management conference, the Court indicated that it was inclined to dismiss Plaintiffs'

4    federal and state warranty claims with prejudice. Defendant further argued that Plaintiffs' CLRA and UCL

5    claims had to be dismissed because Plaintiffs failed to allege with specificity that it made any fraudulent

6    representation or omission at the time of sale [ECF 23].

7    The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices

8    undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or

9    services to any consumer." Cal. Civ. Code § 1770(a). "[U]nder the CLRA, plaintiffs must sufficiently

10   allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson v.*

11   *Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012). The UCL prohibits any "unlawful, unfair or

12   fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. UCL claims deriving from CLRA

13   violations also depend upon the defendant's knowledge at the time of sale. *Wilson*, 668 F.3d at 1145-46 &

14   n.5.

15   Defendant claimed that Plaintiffs' allegation that it "knew the Magellan RoadMate FLM

16   navigation devices did not possess the characteristics and benefits as represented and were not of the

17   particular standard, quality or grade as represented" was not sufficiently specific to plead Defendant's

18   knowledge at the time Plaintiffs purchased their RoadMate devices. *See Wilson*, 668 F.3d at 1146-47

19   (finding that plaintiffs' "generalized assertion" of defendant's knowledge of an alleged defect was "merely

20   conclusory"); *Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016) (finding that plaintiff "has not

21   alleged specific facts that 'allow[] the court to draw the reasonable inference' that Apple knew it was

22   issuing misleading advertisements at the time Tomek purchased his laptop"). Defendant also argued that

23   Plaintiffs' allegations of consumer complaints were not sufficient to show its "awareness of its unlawful

24   conduct." Complaint ¶ 35*; see also In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 909 (N.D. Cal.

25   2018) ("[A] handful of complaints do not, by themselves, plausibly show that Huawei or Google had

26   knowledge of the defects and concealed the defects from customers.").

27   Defendant further challenged the sufficiency of Plaintiffs' CLRA letter, as it claimed that Plaintiffs

28   had not provided specific notice that the alleged CLRA violations extended to any other particular

MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

1    RoadMate models. Specifically, Defendant claimed that the CLRA notice identified only one RoadMate

2    5230-LM product, rather than CLRA Notice makes no reference to the twenty other RoadMate products

3    that Plaintiffs purport to include in their class claims. See FAC ¶ 1, n.1 [ECF 21].

4        Finally, Defendant argued that under Ninth Circuit law, consumer protection claims must be

5    governed by the law of the jurisdiction in which each purchase occurred. On this basis, Defendant argued

6    that Plaintiffs could not assert California claims on behalf of putative class members who purchased

7    RoadMate devices outside California.

8        In addition to its defenses to the merits of Plaintiffs' claims, Defendant also argued that Plaintiffs'

9    claims were not appropriate for class certification, particularly under *Mazza v. Am. Honda Motor Co.*, 666

10   F.3d 581, 590 (9th Cir. 2012).[4] Specifically, for proposed nationwide litigation classes seeking certification

11   under Rule 23(b)(3) and alleging state law violations, the district court must consider whether variations in

12   state law swamp any common issues and defeat predominance, which is fatal to class certification. *Mazza*

13   considered Honda's challenge to a district court's decision to certify a nationwide class of consumers

14   claiming that Honda had misrepresented material information about Acura RLs. Honda contended that the

15   district court erred in certifying the class under Rule 23(b)(3) because California's consumer protection

16   statutes could not be applied to a nationwide class with members in 44 jurisdictions, and therefore plaintiffs

17   had not demonstrated that the questions of law or fact common to class members predominated over any

18   questions affecting only individual members. The Ninth Circuit agreed, holding that under California's

19   governmental interest test, class members' consumer protection claims had to be governed by the laws of

20   the jurisdictions in which the transactions took place. If the Court had applied *Mazza* to the facts of this

21   case, Plaintiffs would have encountered considerable difficulty certifying their claims under the CLRA and

22   UCL.

23       In short, Class Counsel faced the crippling, if not the termination, of their action at every stage in

24

25   ───────────────
     [4] *Mazza* involved a litigation class, where the application of the laws of dozens of jurisdictions
26   presented significant trial manageability issues, militating against a predominance finding. But under
     longstanding authority, *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997), settlement classes can be
27   certified without regard to manageability problems—none exist because the case has settled. And per the
     Ninth Circuit's decision in *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en
28   banc), the onus is on the "foreign law proponent" to show that California law materially differs from, and
     conflicts with, the foreign law, and that the foreign state's interests would be more impaired than
     California's under the governmental interest test. *Id.* at 561. Here, there is no "foreign law proponent."

the litigation. For this type of contingent risk, courts have applied a multiplier of 1.5 or more to account for the "return expected by lawyers." *Fadhl v. City and County of San Francisco*, 859 F.3d 649, 650 (9th Cir. 1988) (awarding a 2.0 multiplier); *see also Chambers*, 214 F. Supp. 3d at 904 (applying a 1.68 multiplier on a contested fee motion); *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 170-71 (D. Mass. 2015) (applying a 2.0 multiplier in awarding fees to successful plaintiff's counsel in an action involving defectively-designed engines). Notably, Judge Fernando Olguin of this District approved a fee request based on a 2.9 multiplier in an automotive defect settlement based on contingent risk. *See Warner v. Toyota Motor Sales, U.S.A.*, No. 15-02171-FMO (C.D. Cal. May 21, 2017), Dkt. No. 140, at **22-25.

Class Counsel's fee request, amounting to only 65% of their actual lodestar, is therefore fair and reasonable and should be approved.

### C.     The Expenses Advanced by Class Counsel Should be Reimbursed

For litigation expenses, the rule is that prevailing parties may recover, as part of statutory attorneys' fees, "litigation expenses…when it is 'the prevailing practice in the given community' for lawyers to bill those costs separate from their hourly rates." *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (citation omitted). Attorneys are reimbursed for out-of-pocket expenses "such as '1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees.'" *Johnson v. General Mills, Inc.*, No. 10-00061-CJC, 2013 U.S. Dist. LEXIS 90338, *20-*21 (C.D. Cal. June 17, 2013) (quoting *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (both courts awarding the requested expenses, including for expert witnesses, mediation, photocopying and computerized research).

Here, Class Counsel have incurred $15,163.45 in costs and expenses that would typically be billed to a paying client.

| Cost & Expense Categories | Amount |
|---|---|
| Copying, Printing & Scanning and Facsimiles | $302.25 |
| Court Fees, Courier Fees, Filings & Service of Process | $2,085.43 |
| Court Reporters, Transcripts & Depositions | $1,030.47 |
| Delivery & Messenger (UPS, FedEx, messenger, etc.) | $84.05 |
| Mediation Fees | $9,500.00 |
| Postage & Mailings | $6.80 |
| Research Services (PACER, Lexis, etc.) | $718.69 |

| Cost & Expense Categories | Amount |
|---|---|
| Telephone (Long distance, conference calls, etc.) | $22.22 |
| Travel-Related Costs and Expenses | $1,413.54 |
| **Total** | **$15,163.45** |

(Perez Decl. ¶ 11.) The expenses Class Counsel advanced on behalf of the Class should be reimbursed.

**D.    The Requested Incentive Awards Are Fair and Reasonable and Should Be Approved**

Incentive awards are routinely awarded as compensation for named plaintiffs' undertaking the risk and expense of litigation to advance the class' interests. *See Rodriguez v. W. Pub. Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). In light of the valuable benefits conferred to Class Members, the sum of $2,500, each, to Plaintiffs are modest and well within the range of service awards that have been approved in similar cases.

Plaintiffs are entitled to incentive awards for their time and effort to support a case in which they had a modest personal interest but which provided considerable benefits to Class Members—a commitment undertaken without any guarantee of recompense. Each Plaintiff provided documents to, and consulted with, Counsel about the claims in this case and assisted throughout the course of the litigation. Plaintiffs reviewed the allegations, kept in contact with Class Counsel regarding the status of the case, and reviewed the terms of the proposed settlement to ensure that its was fair and provided adequate relief for the Class. (Perez Decl. ¶ 12.)

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and award fees and costs of $320,000 and incentive payments of $2,500 for each of the named Plaintiffs.


Dated:  July 14, 2020                          Respectfully submitted,

                                    By:   /s/ Trisha Monesi
                                        Raul Perez
                                        Tarek H. Zohdy
                                        Cody R. Padgett
                                        Trisha K. Monesi
                                        CAPSTONE LAW APC

                                        Attorney for Plaintiffs Michael Livingston
                                        and Sharon McGill