UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LIVINGSTON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MITAC DIGITAL CORPORATION,<br><br>    Defendant. | Case No. 18-cv-05993-JST<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 68, 70 |

Set for hearing on November 4, 2020 are Plaintiffs' motion for attorney's fees, costs, and incentive awards, ECF No. 68, and Plaintiffs' motion for final approval of class action settlement, ECF No. 70. Having reviewed Plaintiffs' moving papers, the Court concludes that it requires further information on the following issues to determine whether to grant these motions:

- How should the Court consider the fact that (1) the fee award will be paid directly by Defendant and will not alter the amount of the settlement, and (2) "[a]lthough the fact is not explicitly stated in the Settlement, if the Court awards less than [$320,000] in fees, Defendant[] keep[s] the amount of the difference and those funds are not distributed to the class," meaning that "this arrangement . . . potentially denies the class money that Defendant[] [was] willing to pay in settlement"? *See Rollins v. Dignity Health*, No. 13-cv-01450-JST, 2019 WL 8165915, at *7 (N.D. Cal. Oct. 28, 2019); *see also id.* at *7-8.
- What is the effect of the *Bluetooth* factors on Plaintiff's attorney's fees request? *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1125 (9th Cir. 2020) ("In *Bluetooth*, we identified three 'subtle' warning signs that may indicate that class counsel colluded with defense counsel to settle the case in a manner that elevated

class counsel's interests over those of the class, and that the settlement is therefore not 'fair, reasonable, and adequate' under Rule 23(e)(2): (1) when counsel receive a disproportionate distribution of the settlement, or the class gets no monetary distribution but class counsel are well compensated; (2) when the parties negotiate "clear sailing" arrangements for the payment of attorney's fees wherein the defendant agrees not to object to the fee application presented to the court; and (3) when the agreement includes a 'reversion' or 'kicker' provision under which any reduction in attorney's fees reverts to the defendant rather than being added to the class fund." (citing *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)).

- What would be a reasonable fee if calculated using the percentage-of-recovery method? *See Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 893 (C.D. Cal. 2016) ("Generally speaking, courts have discretion to choose among two different methods for calculating a reasonable attorney's fee award" – the percentage-of-recovery method or the loadstar method.).

- What adjustment to the lodestar, if any, should be considered based on "the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, [and/or] the risk of nonpayment"? *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

A supplemental brief of not more than 15 pages addressing these questions is due November 13, 2020. At that time, these motions will go under submission. The hearing on November 4, 2020 will proceed solely to hear from any member of the class who wishes to address the Court directly.

**IT IS SO ORDERED.**

Dated: November 2, 2020

JON S. TIGAR
United States District Judge